(No. 4602-

THE COUNTY OF BOND AND THE COUNTY OF CLINTON OF THE
STATE OF ILLINOIS, Claimants, *vs.* STATE OF ILLINOIS,
Respondent.

*Opinion filed January 8, 1957.*

JOSEPH B. SCHLARMAN AND ROBERT F. SMITH, Attorneys for Claimants.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On January 25, 1954, the County of Bond and the County of Clinton filed their complaint against the State of Illinois for damages to a county line bridge, owned and maintained by the two counties.

The record consists of the following:

1. Complaint.
2. Departmental Report.
3. Transcript of evidence.
4. Abstract of the evidence.
5. Statement, brief and argument of claimant.
6. Statement, brief and argument of respondent.
7. Reply brief of claimant.

The facts of the case are as follows:

State Aid Route No. 1 runs in an east-west direction, and divides the County of Bond on the south and the County of Clinton on the north. The two counties jointly maintain the roads and bridges, and, in particular, a 60 foot, single lane, steel truss bridge across Flat Branch Creek.

Several years prior to the 28th of January, 1952, the date of the accident, the bridge was examined by County Engineers, and found to be safe for a 5 ton limit. Claimants caused signs to be posted 100 feet from either approach to the bridge, bearing the legend "Load Limit 5 Ton".

On January 28, 1952, Raymond Habler, an employee of the Division of Standards of the Department of Agriculture, was driving a state truck along said State Aid Road. The truck contained equipment for the purpose of testing scales, and weighed 37,000 pounds. He crossed Flat Branch Creek Bridge at a speed of from 25 to 30 miles per hour. The bridge collapsed, and the two counties were compelled to spend the sum of $6,738.58 for repairs.

Witnesses for respondent stated that they did not notice the signs, but the evidence from witnesses for claimants, together with the photographs, admitted in evidence, establish conclusively that the bridge was posted for a 5 ton limit.

The driving of a motor truck weighing 19 tons over and across a bridge posted for a 5 ton limit was a negligent act, and this Court, therefore, finds that respondent was guilty of negligence.

Respondent urges that claimant has not established the true measure of damages, and contends that, when property cannot be repaired, the cost of replacement is

not the correct measure of damage. *Johnson* vs. *Clikeman*, 343 Ill. 346.

Claimants reply by stating that the counties did not build a new bridge, but simply replaced the steel girders over existing abutments, and replaced the floor.

Neither parties were able to establish the age of the bridge, so that normal depreciation could be considered, and the record is silent as to the amount received by claimants when the old bridge was junked.

The question of salvage was presented to this Court in the case of *Dixon Fruit Company* vs. *State of Illinois*, Case No. 4662, opinion filed March 16, 1956. In this case, a truck had been set afire by an inmate of the Dixon State School, and burned beyond repair. At page 11, the Court said:

"From the evidence we must assume that the truck was not capable of being repaired economically. Consequently, its only value on the market was as junk, and whatever parts might be salvaged therefrom.

The burden of proof on the question of damages, as stated by the Supreme Court of Illinois in *N. V. C. & St. L. R.R.* vs. *Transit Lines*, 408 Ill. 336 at page 340, is, 'The plaintiff has the burden of establishing the damages, which result from the defendant's tortious act, but, insofar as it may be contended that the damages might or should have been minimized by taking steps to reduce the resulting damages, the burden of proof rests upon the defendant.'

The Court there rejected a rule, which would have required plaintiffs, 'In cases involving destruction of property to have experts qualify to prove to what use the remaining material might be made, and determine whether any value existed over and above the cost of transportation, and many other factors, which would place upon a plaintiff in a law suit involving the question of damages to personal property an intolerable and unnecessary burden.' "

In the instant case, the itemized statement contains a figure of $544.03 for "Cost of labor for repair of bridge". Undoubtedly a portion of this fund was used to remove the old bridge. We believe it also a fair assumption that the old bridge was worth a few hundred dollars as junk.

An award is, therefore, made to claimants in the amount of $6,500.00.